# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AFSHEEN KHAN,<br>    Plaintiff,<br><br>v.<br><br>CITY OF RICHARDSON and DALLAS COUNTY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-cv-01169-B |

## DEFENDANT THE CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, the City of Richardson, Texas (the "City"), one of the named Defendants in the above-entitled and numbered civil action, and submits this Brief in Support of its Rule 12(b)(6) Motion to Dismiss.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR THE
CITY OF RICHARDSON, TEXAS**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the  11th   day of July, 2025.


*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**

**TABLE OF CONTENTS**

I. SUMMARY OF MOTION ................................................................................................. 1

II. ARGUMENTS & AUTHORITIES ................................................................................... 2

    A.    Standard of Review .................................................................................................. 2

    B.    The City is immune from any claim for monetary damages under RLUIPA. 3

    C.    The City has immunity as to Plaintiff's Freedom of Worship claim. ............... 4

    D.    Plaintiff's First Amendment claim fails against the City under *Monell*. .......... 4

        1.    Official policy or custom ........................................................................... 5

        2.    Failure to train ............................................................................................ 7

    E.    The City has immunity as to Plaintiff's TRFRA claim as Plaintiff did not provide the requisite notice for such claim. ............................................. 8

    F.    The City has immunity as to Plaintiff's TTCA claim as Plaintiff's allegations involve intentional actions. ................................................................. 9

III. PRAYER ............................................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................. 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) .......................... 3

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ............................................ 3

*Bustinza v. Lucio*, No. 22-40312, 2023 WL 3019690 (5th Cir. Apr. 20, 2023)
    (per curiam) ................................................................................................................ 3, 4

*Chance v. Tex. Dep't of Crim. Just.*, 730 F.3d 404 (5th Cir. 2013) ................................. 3

*City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995) .......................................... 4

*City of DeSoto v. White*, 288 S.W.3d 389 (Tex. 2009)) .................................................... 9

*City of Pearsall v. Tobias*, 533 S.W.3d 516 (Tex. App.—San Antonio 2017, pet. denied) ........... 8

*Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) ............................................ 6

*DeMoss v. Crain*, 636 F.3d 145 (5th Cir. 2011) ............................................................... 3

*Donia El-Hussain, Tamera Hutcherson and Nidda Lafi v. Dallas County, et al.*,
    No. 3:24-cv-00737-B, 2024 WL 4446997 (N.D. Tex. Oct. 7, 2024)(mem. op.) ......... 1

*Gonzales v. Martis Indep. Sch. Dist.*, 978 F.3d 291 (5th Cir. 2020) ................................ 8

*Hicks-Fields v. Harris County*, 860 F.3d 803 (5th Cir. 2017),
    cert. denied, 583 U.S. 1014, 138 S.Ct. 510 ................................................................. 6

*Hughes v. Tom Green County*, 573 S.W.3d 212 (Tex. 2019) .......................................... 8

*Jaramillo v. Texas*, No. 6:21cv253, 2023 WL 5123456 (E.D. Tex. June 6, 2023) ......... 4

*Johnson v. Deep East Tex. Reg'l Narcotics*, 379 F.3d 293 (5th Cir. 2004) ................. 6, 7

*Johnson v. Harris County*, 83 F.4th 941 (5th Cir. 2023) ................................................. 6

*Kingsley v. Hendrickson,* 135 U.S. 389 (2015) .................................................................. 7

*Kitchen v. Dallas County,* 759 F.3d 468 (5th Cir. 2014) .................................................. 7

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
    507 U.S. 163, 164, 113 S.Ct. 1160 (1993) .................................................................. 3

*Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616 (5th Cir. 2018) .................................................. 8

*Lopez-Rodriguez v. City of Levelland,* 100 Fed. Appx. 272 (5th Cir. 2004) ............................... 10

*Martinez v. Nueces County*, 71 F.4th 385 (5th Cir. 2023.) ............................................................. 6

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) ................................... 9

*Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978)),
    *cert. denied*, 534 U.S. 829, 122 S.Ct. 53 (2001). ......................................................... 5

*Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579 (5th Cir. 2013) ................................................... 9

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ................................................. 6, 8

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) ....................................................... 5

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir.) ............................................................. 4, 5

*Reyes v. N. Tex. Tollway Auth.*, 830 F. Supp. 2d 194 (N.D. Tex. 2011) ........................................ 4

*Roa v. City of Denison*, No. 4:16-cv-00115-ALM-CAN, 2017 WL 9287012 (E.D. Tex. Aug. 29,
    2017) .................................................................................................................................. 10

*Rusankowsky v. City of Dallas*, No. 3:22-CV-01132-K, 2023 WL 2728722 (N.D. Tex. March 30,
    2023) .................................................................................................................................... 7

*Self v. City of Mansfield*, 369 F.Supp.3d 684 (N.D. Tex. 2019) ................................................ 4, 5

*Sossamon v. Lone Star State of Tex.*, 560 F.3d 316 (5th Cir. 2009),
    aff'd sub. nom., *Sossamon v. Texas*, 563 U.S. 277 (2011) ....................................................... 3

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999) ............................................................ 4

*Tipps v. McCraw,* 945 F. Supp. 2d 761 (W.D. Tex. 2013) ............................................................. 9

*Zarnow v. City of Wichita Falls*, 614 F.3d 161 (5th Cir. 2010) ..................................................... 7

**Statutes**

42 U.S.C. § 2000CC-1(A) ................................................................................................................. 3

TEX. CONST., art. 1, § 6 .................................................................................................................... 3

TEX. CIV. PRAC. & REM. CODE § 101.057 ....................................................................................... 9

TEX. CIV. PRAC. & REM. CODE § 110.006(a) .................................................................................. 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AFSHEEN KHAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:25-cv-01169-B |
| CITY OF RICHARDSON and DALLAS | § | |
| COUNTY, | § | |
|     Defendants. | § | |

**DEFENDANT THE CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF ITS
RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, the City of Richardson, Texas (the "City"), one of the named Defendants in the above-entitled and numbered civil action, and makes and files this Brief in Support of its Rule 12(b)(6) Motion to Dismiss, showing unto the Court as follows:

## I.
## SUMMARY OF MOTION

This is one of several cases filed in the Northern District involving the removal of a hijab by law enforcement during book-in procedures. Each case contains similar facts and similar allegations, and one such case is currently before this Court, *Donia El-Hussain, Tamera Hutcherson and Nidda Lafi v. Dallas County, et al.*, No. 3:24-cv-00737-B. This Motion to Dismiss raises several arguments this Court has previously ruled upon in the *El Hussain* case.[1]

In this case, Plaintiff alleges that while she was in the custody of the City of Richardson Police Department, officers forced her, an observant Muslim, to go without her hijab for hours.[2] They also forced her to take her book-in picture without her hijab, "creating a perpetual violation

---

[1] *See Donia El-Hussain v. Dallas County*, No. 3:24-cv-00737-B, 2024 WL 4446997 (N.D. Tex. Oct. 7, 2024)(mem. op.).
[2] *See* Plaintiff's Original Complaint, Doc. No. 1, at p. 1.

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS – Page 1**

of her religious beliefs."[3] Plaintiff also raises allegations against Dallas County once she was transferred into their custody. Those allegations are not relevant nor addressed in this Motion.

As a result of the above, Plaintiff filed suit against the City alleging violations of The Religious Land Use and Institutionalized Persons Act ("RLUIPA),[4] the First Amendment (Free Exercise Clause),[5] art. 1, § 6 of the Texas Constitution (Freedom of Worship),[6] the Texas Religious Freedom and Restoration Act ("TRFRA")[7] and the Texas Tort Claims Act.[8] Because Plaintiff fails to plead any facts that set forth a plausible claim for relief against this Defendant, the City moves to dismiss based on the following:

- The City is immune from any claim for monetary damages under RLUIPA and the Texas Constitution.

- The City has immunity as to Plaintiff's Freedom of Worship claim.

- Plaintiff fails to allege the existence of a City custom, policy or practice that was the moving force to her alleged constitutional violations, fails to allege that such policy was promulgated by a City policymaker, and fails to adequately plead a failure to train theory for Section 1983 liability.

- The City has immunity under the TRFRA as Plaintiff failed to comply with pre-suit notification provisions under that Act.

- The City has immunity under the Texas Tort Claims Act ("TTCA") as Plaintiff's allegations involve intentional actions.

## II.
## ARGUMENTS & AUTHORITIES

**A.   Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The Supreme Court has set out a two-

---

[3] *Id.*
[4] *Id.* at pp. 17-19, ¶¶ 93-103.
[5] *Id.* at pp. 19-21, ¶¶ 104-117.
[6] *Id.* at p. 22, ¶¶ 118-123.
[7] *Id.* at pp. 23-24. ¶¶ 124-129.
[8] *Id.* at pp 24-25, ¶¶ 130-137.

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS – Page 2**

prong approach to determine whether a claim should be dismissed pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). Generally, in reviewing a complaint, the court should accept well-pleaded facts in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160 (1993). However, as the Supreme Court explained in *Iqbal*, the tenet that a court must accept as true all allegations in a complaint is inapplicable to legal conclusions. *Iqbal*, 129 S.Ct. at 1949-50. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. Moreover, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id*. Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949-50. Mere conclusory allegations will not survive a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

**B.     The City is immune from any claim for monetary damages under RLUIPA.**

"RLUIPA provides that 'no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,…even if that burden results from a rule of general applicability,' unless the burden 'is in furtherance of a compelling government interest' and 'is the least restrictive means of furthering that compelling government interest.'" *Chance v. Tex. Dep't of Crim. Just.*, 730 F.3d 404, 410 (5th Cir. 2013), quoting 42 U.S.C. § 2000cc-1(a). RLUIPA provides for a private cause of action for equitable relief, either injunctive or declaratory. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009), aff'd sub. nom., *Sossamon v. Texas*, 563 U.S. 277 (2011). However, it does not create a private cause of action for monetary damages. *See Sossamon*, 563 U.S. at 293; *see also DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011); *Bustinza v. Lucio*, No. 22-40312, 2023 WL 3019690, at * 1 (5th Cir. Apr.

20, 2023) (per curiam). Plaintiff seeks only monetary damages under this claim – "…Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment."[9] Accordingly, Plaintiff's RLUIPA claim should be dismissed as a matter of law.

C.     **The City has immunity as to Plaintiff's Freedom of Worship claim.**

Similarly, to the extent Plaintiff is seeking monetary damages for her Freedom of Worship claim under art. 1, § 6 of the Texas Constitution, those are likewise barred. "Texas does not recognize a private cause of action for money damages for a violation of the Texas Constitution." *Jaramillo v. Texas*, No. 6:21cv253, 2023 WL 5123456, at *8 (E.D. Tex. June 6, 2023), citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995); *see also Reyes v. N. Tex. Tollway Auth.*, 830 F. Supp. 2d 194, 208 (N.D. Tex. 2011). To the extent Plaintiff seeks only equitable damages under this claim, the City has governmental immunity. *Jaramillo*, 2023 WL 5123456, at *8. Plaintiff has not pled or established that the City's immunity has been waived. *Id.*, citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)("[A] plaintiff who wishes to sue a governmental entity must plead and establish that a state agency's sovereign or governmental immunity has been waived."). Accordingly, Plaintiff's Freedom of Worship claim should be dismissed as a matter of law.

D.     **Plaintiff's First Amendment claim fails against the City under *Monell*.**

To the extent Plaintiff asserts a First Amendment claim under Section 1983 against the City, such claim likewise fails. The Supreme Court and Fifth Circuit precedent have established that "municipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or

---

[9] *See* Plaintiff's Org. Complaint at p. 19, ¶ 103.

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS** – Page 4

custom." *Self v. City of Mansfield*, 369 F.Supp.3d 684, 700 (N.D. Tex. 2019)(quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.)(citing *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978)), *cert. denied*, 534 U.S. 829, 122 S.Ct. 53 (2001). The City can only be liable if "the execution of one of its customs or policies deprives a plaintiff of his constitutional rights." *Self*, 369 F.Supp.3d at 700; *Monell*, 436 U.S. at 691. An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)(citation omitted). Under Section 1983, the City cannot be liable for simply employing a tortfeasor; rather, it must be an official City custom or policy that is the moving force of the constitutional violation. *Self*, 369 F.Supp.3d at 701.

In this case, Plaintiff presents two theories to support her Section 1983 claim against the City: an official policy theory and a failure to train theory. Both fail for the reasons stated below.

### 1.   *Official policy or custom*

First, Plaintiff's Complaint fails to identify any "written policy statements, ordinances, or regulations," as required to satisfy the first type of "official policy." *Peterson*, 588 F.3d at 847. Other than making conclusory statements, Plaintiff's Complaint, at most, alleges that unidentified officers stated that Plaintiff "would be required to remove her hijab in accordance with the City of Richardson's policy,"[10] "would be required to remove her hijab, per policy, due to safety and security issues,"[11] and that "this was the policy in place, that everyone had to do it, and the blanket was the best accommodation they could offer."[12] Even if true, none of these allegations identify

---

[10] *See* Plaintiff's Org. Complaint at pp. 5-6, ¶ 24.
[11] *Id.* at p. 6, ¶ 26.
[12] *Id.* at ¶ 29.

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS – Page 5**

any specific **written** policy as is required to satisfy the first type of "official policy." And while a plaintiff can allege an unwritten policy, she must do so "by pointing to similar incidents that are 'sufficiently numerous' and have 'occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Martinez v. Nueces County*, 71 F.4th 385, 389 (5th Cir. 2023.) And the specific facts alleged "must be similar to the case at hand: '[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question.'" *Johnson v. Harris County*, 83 F.4th 941, 946-47 (5th Cir. 2023), quoting *Martinez*, 71 F.4th at 389.

Here, Plaintiff fails to adequately plead that the City "acted pursuant to a policy or custom which denies inmates Free Exercise of Religion" when the officers ordered her to remove her hijab. The only specific facts alleged by Plaintiff "describe the incident that gave rise to [her] injury." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). And like the Fifth Circuit held in *Pena*, simply describing Plaintiff's incident that gave rise to the lawsuit does not "plausibly plead a practice so persistent and widespread as to practically have the force of law." *Id.*, internal citation omitted; *see also Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017)(collecting cases where courts found there was not a "policy based on pattern" when the plaintiffs alleged as many as two to twenty-seven complaints of similar violations).

And even if Plaintiff had adequately pleaded an official policy existed, Plaintiff fails to allege that a municipal policymaker promulgated it. "A city cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to a city policymaker." *Pena*, 879 F.3d at 623, quoting *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017), cert. denied, 583 U.S. 1014, 138 S.Ct. 510. Plaintiff has pleaded no facts to both

identify a policymaker <u>and</u> show the requisite knowledge of that policymaker. *Johnson v. Deep East Tex. Reg'l Narcotics*, 379 F.3d 293, 309 (5th Cir. 2004). Plaintiff has pointed to zero facts that even support that the Richardson Police Chief even knew about this.

### 2. Failure to train

Second, Plaintiff does not adequately plead a failure to train claim under Section 1983. "[I]n order to state a claim for *Monell* liability for failure to train or supervise, plaintiffs must allege that "(1) the municipality's training policy procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policies, and (3) the inadequate training policy caused the constitutional violation." *Kitchen v. Dallas County,* 759 F.3d 468, 484 (5th Cir. 2014)(cleaned up), abrogated on other grounds by *Kingsley v. Hendrickson,* 135 U.S. 389 (2015). Plaintiff must plausibly plead each element to allege a failure to train theory. *See Rusankowsky v. City of Dallas*, No. 3:22-CV-01132-K, 2023 WL 2728722, at *5 (N.D. Tex. March 30, 2023)(Kinkeade, J.)(ending the inquiry when a plaintiff failed to plausibly plead the second element of a failure to train claim).

Here, Plaintiff has failed to allege with specificity how the City's training program was inadequate or defective. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010). Plaintiff alleges no facts regarding the City's training or supervisory policies that plausibly show any training was inadequate. Instead, Plaintiff only makes the conclusory assertion that:

> On information and belief, they failed to adequately train their staff on how religious head coverings differ from other types of non-religious head coverings; how to photograph and search individuals who observe hijab while still respecting their religious liberties; that hijabs can be worn as clothing and should not remain in property bags inaccessible to those detained; and how to allow women access to their hijab while in detention.[13]

---

[13] *See* Plaintiff's Org. Complaint at p. 16, ¶ 87.

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF**
<u>**RULE 12(b)(6) MOTION TO DISMISS**</u> **– Page 7**

This is nothing but regurgitating what happened to the Plaintiff. It does not allege plausible (or any) facts to substantiate her allegation of the City's failure to train.

Further, Plaintiff has failed to sufficiently allege deliberate indifference, which requires either alleging a pattern of constitutional violations or a single incident in which "the risk of constitutional violations was or should have been an obvious or highly predictable consequence of the alleged training inadequacy." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018). In this case, Plaintiff does not plead any pattern of alleged violations by the City other than her own isolated incident. Likewise, Plaintiff cannot show deliberate indifference through this single incident. The single incident exception is generally "reserved for those cases in which the government actor was provided *no training [or supervision] whatsoever.*" *Pena*, 879 F.3d at 624 (emphasis added). Here, Plaintiff does not plead that the City's detention officers received *no training*; instead, Plaintiff alleges that the City failed to *adequately* train their staff.[14] Thus, Plaintiff cannot rely on the single incident exception to show deliberate indifference.

E. **The City has immunity as to Plaintiff's TRFRA claim as Plaintiff did not provide the requisite notice for such claim.**

The City, as a political subdivision, enjoys governmental immunity from suit under the TRFRA unless Plaintiff can show the legislature waived immunity. *Hughes v. Tom Green County*, 573 S.W.3d 212, 218 (Tex. 2019)("Governmental immunity refers to the protection afforded the state's political subdivisions,…"). "Absent waiver, governmental entities retain immunity from suit." *City of Pearsall v. Tobias*, 533 S.W.3d 516, 522 (Tex. App.—San Antonio 2017, pet. denied). The TRFRA requires strict compliance with its notice requirements to a governmental entity in order to waive immunity. *Gonzales v. Martis Indep. Sch. Dist.*, 978 F.3d 291, 295 (5th Cir. 2020)("TRFRA's notice requirement is jurisdictional under Texas law, … the waiver of

---

[14] *See* Plaintiff's Org. Complaint, at p. 16, ¶ 87.

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS – Page 8**

governmental immunity is conditioned on plaintiff's strict complaint with the notice provision."). Thus, pre-suit notice is a mandatory requirement, and any "failure of [this] jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 584 (5th Cir. 2013)(quoting *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009)).

Section 110.006(a) of the TRFRA states:

A person may not bring an action to assert a claim under this chapter unless, 60 days before bringing the action, the person gives written notice to the government agency by certified mail, return receipt requested:

(1) that the person's free exercise of religion is substantially burdened by an exercise of the government agency's governmental authority;
(2) of the particular act or refusal to act that is burdened; and
(3) of the manner in which the exercise of governmental authority burdens the act or refusal to act.

TEX. CIV. PRAC. & REM. CODE § 110.006(a). Here, Plaintiff did not send such notice. Because the TRFRA requires strict compliance, Plaintiff's failure to send the pre-suit notice via certified mail left the City's governmental immunity intact. *Morgan*, 724 F.3d at 588. Accordingly, this claim should be dismissed as a matter of law.

F.  **The City has immunity as to Plaintiff's TTCA claim as Plaintiff's allegations involve intentional actions.**

Finally, Plaintiff's vague claim under the TTCA fails as Plaintiff's allegations involve intentional actions. "The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). However, "[t]his waiver of immunity does not extend to claims arising out of intentional torts." *See Tipps v. McCraw,* 945 F. Supp. 2d 761, 765 (W.D. Tex. 2013); TEX. CIV. PRAC. & REM. CODE § 101.057 (excluding waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort").

In this case, Plaintiff alleges that "Defendants utilized their tangible personal property **to inflict personal injury** on Plaintiff through **forced violations** of her sincerely held religious beliefs and the resulting emotional distress, embarrassment, and shame."[15] "Texas law does not allow a plaintiff to avoid the bar of governmental immunity by describing essentially intentional conduct as an act of negligence." *Lopez-Rodriguez v. City of Levelland,* 100 Fed. Appx. 272. 275 (5th Cir. 2004). As Plaintiff's claims clearly involve intentional conduct, such claims necessarily constitute intentional torts. *See Roa v. City of Denison*, No. 4:16-cv-00115-ALM-CAN, 2017 WL 9287012, at *8 (E.D. Tex. Aug. 29, 2017)(holding that plaintiff's claims for intimidation and harassment constitute intentional torts as the claims involve intentional behavior). Because the City has immunity to such intentional torts under the TTCA, Plaintiff's claims under the TTCA must be dismissed as well.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, the City of Richardson, Texas, respectfully prays that the Court grant its Rule 12(b)(6) Motion to Dismiss and dismiss Plaintiff's claims against it with prejudice, and for such other and further relief to which this Defendant may be entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY
    & ASSOCIATES, P.L.L.C.**

---

[15] *See* Plaintiff's Org. Complaint at p. 24, ¶ 135 (emphasis added).

**DEFENDANT CITY OF RICHARDSON, TEXAS' BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS – Page 10**

12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR THE
CITY OF RICHARDSON, TEXAS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the   11th    day of July, 2025.


*/s/ D. Randall Montgomery*
_____
**D. RANDALL MONTGOMERY**