**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AFSHEEN KHAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:25-cv-01169-B** |
| **CITY OF RICHARDSON and DALLAS** | § | |
| **COUNTY,** | § | |
| **Defendants.** | § | |

**DEFENDANT THE CITY OF RICHARDSON, TEXAS' REPLY BRIEF IN FURTHER
SUPPORT OF DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, the City of Richardson, Texas (the "City"), one of the named

Defendants in the above-entitled and numbered civil action, and makes and files this Reply Brief

in Further Support of its Rule 12(b)(6) Motion to Dismiss, showing unto the Court as follows:

**I.
ARGUMENT & AUTHORITIES**

Defendant stands on its arguments raised in its Brief in Support of Defendant's Rule

12(b)(6) Motion to Dismiss. In addition, Defendant would note as follows:

**A.     Plaintiff Fails to Plead an Official Policy under *Monell*.**

It is undisputed that Plaintiff bears the burden to plead facts that plausibly support each

element of her Section 1983 municipal liability claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). The first required element is the existence of an official policy. *Peterson v. City of Fort

Worth*, 588 F.3d 838, 847 (5th Cir. 2009). An official policy "usually exists in the form of written

policy statements, ordinances, or regulations, but it may also arise in the form of a widespread

practice that is so common and well-settled as to constitute a custom that fairly represents

municipal policy."  *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)(citation

omitted).

In this case, Plaintiff does not identify any written policy to support her claim. Instead, she relies on her allegations that unidentified officers told her she "would be required to remove her hijab in accordance with the City of Richardson's policy."[1]   Even if this satisfies the pleading requirement that an official policy exists, which the City contends it does not, Plaintiff fails to allege that a municipal policymaker promulgated it. "A city cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to a city policymaker." *Pena*, 879 F.3d at 623, quoting *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017), cert. denied, 583 U.S. 1014, 138 S.Ct. 510.   Plaintiff has pled no facts to both identify a policymaker <u>and</u> show the requisite knowledge of that policymaker. *Johnson v. Deep East Tex. Reg'l Narcotics*, 379 F.3d 293, 309 (5th Cir. 2004).

This Court considered a similar argument raised in *Fareed v. City of Carrollton*, No. 3:24-cv-3251-N, 2025 WL 1707957 (N.D. Tex. June 17, 2025). In *Fareed*, the Court found that plaintiff failed to plead facts to show that the alleged policymaker had knowledge of the alleged custom or policy:

> Fareed does not plead facts to show that the alleged policy was promulgated by any policymaker, nor does she attempt to show that the policy was endorsed by any city spokesman or broadly known such that constructive knowledge would be imputed to any policymaker. *See El-Hussain v. Dallas County*, 2024 WL 4446997, at *4 (N.D. Tex., 2024) (holding that plaintiff had failed to allege promulgation by a policymaker where a police officer told plaintiff that removing a religious head covering was "part of the process" of intake at the police department.). Fareed points only to the statement of John Doe 1, who said that "there was no religious exception." "For the Court to infer that this [policy] is attributable to any final policymaker, Plaintiff[ ] must allege more than one officer's statement about it." *El-Hussain*, 2024 WL 4446997, at *4.

*Fareed*, 2025 WL 1707957, * 4.   The same is true in this case. Plaintiff has not pled any facts that remotely support the existence of a policy promulgated by a municipal policymaker. Likewise,

---

[1] *See* Plaintiff's Org. Complaint at pp. 5-6, ¶ 24.

Plaintiff has failed to show that any such policy was endorsed by any city spokesperson or broadly known such that constructive knowledge would be imputed to any policymaker. Thus, for these reasons, and for the reasons stated in the City's Brief in Support of its Motion to Dismiss, the Court should dismiss Plaintiff's Section 1983 municipal liability claim against the City with prejudice.

**B.      Plaintiff Fails to Plead a Failure to Train Claim Under *Monell*.**

As argued in the City's Brief in Support of its Motion to Dismiss, Plaintiff has failed to allege with specificity how the City's training program was inadequate or defective. Plaintiff pleads zero facts regarding the City's training program and instead offers only one conclusory allegation.  In *El-Hussain v. Dallas County*, this Court found similar allegations insufficient:

> Plaintiffs fail to specifically allege how any Dallas County program is defective. They base their failure-to-train theory on their contention that Dallas County's Sheriff "failed to adopt clear policies and failed to properly train its deputies as to the photographing and booking of those with religious headwear," and that this failure caused Plaintiffs' constitutional violation. They do not allege any facts regarding the County's training or supervisory policies that permit the Court to plausibly conclude any training was inadequate. Instead, Plaintiffs plead that the County's training was merely absent or not "proper[]. But absent any facts to support their allegation of an absence of training or "fail[ure] to properly train," the allegation is merely conclusory and insufficient to constitute a plausible pleading required at this stage.

*El-Hussain v. Dallas County,* No. 3:24-cv-00737, 2024 WL 4446997, *5 (N.D. Tex. Oct. 7, 2024)(mem. op.).

Further, Plaintiff cannot show deliberate indifference through this single incident.  The single incident exception is generally "reserved for those cases in which the government actor was provided *no training [or supervision] whatsoever.*" *Pena*, 879 F.3d at 624 (emphasis added).  Here, Plaintiff does not plead that the City's detention officers received *no training*; instead, Plaintiff alleges that the City failed to *adequately* train their staff.[2] Accordingly, for these reasons and for

---

[2] *See* Plaintiff's Org. Complaint, at p. 16, ¶ 87.

the reasons set forth in the City's Brief in Support of its Motion to Dismiss, the Court should dismiss Plaintiff's Section 1983 failure to train claim with prejudice.

## C.    Plaintiff Fails to State a Claim Under the TTCA.

In her Response, Plaintiff argues that her tort claim is based on the "special relationship" between jailers and individuals. This appears to be a variation of the "state-created danger" theory, which the Fifth Circuit does not recognize. *Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001)("Although this court has discussed the contours of the 'state-created danger' theory on several occasions, we have never adopted that theory."). Regardless, none of the cases cited by Plaintiff in her Response apply to a situation like this. Instead, theses cases focus on protecting inmates from physical harm, sexual assault, and suicide – that is, harm that is reasonably foreseeable. *See, e.g., Salazar v. Collins*, 255 S.W.3d 191 (Tex. App.—Waco 2008, no pet.)(inmate attacked by fellow inmate with a weapon); *Castro v. GEO Grp., Inc.*, No. DR-20-CV-033-AM-VRG, 2021 WL 7707811 (W.D. Tex. Mar. 15, 2021)(inmate committed suicide); *Doe v. The Geo Group, Inc.*, No. SA-16-CV-173-XR, 2017 WL 835209 (W.D. Tex. March 2, 2017)(inmate sexually assaulted); *Cuevas v. Westerman*, No. 1:14-CV-0133, 2016 WL 11529760 (S.D. Tex. Nov. 10, 2016)(inmate sexually assaulted); *Garcia-Higgins v. LCS Corr. Servs.*, No. 2:12-CV-0121, 2013 WL 435911 (S.D. Tex. Feb. 4, 2013)(failure to render medical care); *Delaney v. Geo Group, Inc.,* No. SA-12-CV-541-XR, 2012 WL 3526789 (W.D. Tex. Aug. 14, 2012)(inmate attempted suicide).  The removal of Plaintiff's hijab does not result in harm that is reasonably foreseeable such as that caused by physical assault, sexual assault or suicide.

Likewise, a cursory review of Plaintiff's Complaint demonstrates that Plaintiff is alleging intentional actions on the part of unnamed City of Richardson police officers - "Defendants utilized their tangible personal property **to inflict personal injury** on Plaintiff through **forced violations**

of her sincerely held religious beliefs and the resulting emotional distress, embarrassment, and shame."[3]  No where in Plaintiff's Complaint (or under her TTCA cause of action) does Plaintiff allege that any Defendant acted negligently.  Thus, for these reasons and for the reasons set forth in the City's Brief in Support of its Motion to Dismiss, Plaintiff's TTCA claim should be dismissed with prejudice.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant, the City of Richardson, Texas, respectfully prays that the Court grant its Rule 12(b)(6) Motion to Dismiss and dismiss Plaintiff's claims against Defendant with prejudice, and for such other and further relief to which this Defendant may be entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR THE
CITY OF RICHARDSON, TEXAS**

---

[3] *See* Plaintiff's Org. Complaint at p. 24, ¶ 135 (emphasis added).

**DEFENDANT CITY OF RICHARDSON, TEXAS' REPLY BRIEF IN FURTHER SUPPORT
OF ITS RULE 12(b)(6) MOTION TO DISMISS – Page 5**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the _11th_ day of August, 2025.


*/s/ D. Randall Montgomery*

_____

**D. RANDALL MONTGOMERY**