**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AFSHEEN KHAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-cv-01169-B** |
| | § | **JURY DEMANDED** |
| **CITY OF RICHARDSON and** | § | |
| **DALLAS COUNTY,** | § | |
| **Defendants.** | § | |

**DEFENDANT CITY OF RICHARDSON, TEXAS' ANSWER TO PLAINTIFF'S
ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the City of Richardson, Texas ("Defendant"), one of the named Defendants in the above-entitled and numbered cause, and makes and files this its Answer to Plaintiff's Original Complaint ("Complaint"), showing unto the Court as follows:

**PLAINTIFF'S PRELIMINARY STATEMENT**

Defendant denies the allegations contained in the first unnumbered paragraph under this section.

Defendant denies the allegations contained in the second unnumbered paragraph under this section.

As the allegations contained in the third unnumbered paragraph under this section pertain to Dallas County, no answer is required by this Defendant.

As the allegations contained in the fourth unnumbered paragraph under this section pertain to Dallas County, no answer is required by this Defendant.

**JURISDICTION AND VENUE**

1. Defendant admits that jurisdiction and venue are proper. Otherwise, Defendant denies that Plaintiff is entitled to any relief sought in this action.

2.  Defendant admits venue is proper.

## PARTIES

3.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendant admits it has been served.

6.  Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.  Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  Defendant admits that its officers acted within the scope of their authority but denies that Defendants' officers violated Plaintiff's rights.

10.  As the allegations contained in Paragraph 10 do not pertain to this Defendant, no response is necessary.

11.  Defendant admits it is a governmental entity but denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

## JURY DEMAND

12.  Defendant demands a trial by jury.

## PLAINTIFF'S STATEMENT OF FACTS

13.  Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in the first sentence of Paragraph 13 of Plaintiff's Complaint. Defendant denies the allegations in the second sentence of Paragraph 13 as to Plaintiff's use of the term "hijab" as constituting a belief and practice, but admits that the term "hijab" refers to a head covering worn by some Muslim women.

14.    Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint with one exception – that the practice of wearing a hijab is observed by *some* Muslim women.

15.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations and her beliefs contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendant admits the allegations contained in the first sentence of Paragraph 23 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 23 of Plaintiff's Complaint. Defendant denies as worded the allegations contained in the third sentence of Paragraph 23 of Plaintiff's Complaint.

24.    Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendant admits that several officers told her during her initial pat down that the hijab would not be permitted to accompany Plaintiff into the jail. Otherwise, Defendant denies as worded the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies as worded the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies as worded the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies as worded the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant admits that Plaintiff removed her hijab and changed into the inmate uniform. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies as worded the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies as worded the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant admits the allegations contained in the first two sentence of Paragraph 34 of Plaintiff's Complaint. Defendant denies as worded the allegations contained in the third sentence of Paragraph 34.

35.     Defendant admits that Plaintiff requested a female officer take her booking photo and fingerprints. Otherwise, Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies as worded the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies as worded the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits that Plaintiff's booking photo is available on law enforcement databases. Defendant denies the allegations contained in the second sentence of Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies as worded the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant is without information or knowledge regarding the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies as worded the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies as worded the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant admits the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant admits the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegation in the first sentence of Paragraph 84 that the DFW Metroplex only encompasses four counties, but otherwise admits the remaining allegations in that

sentence. Defendant admits the allegations contained in the second sentence of Paragraph 84. Defendant denies the allegations contained in the third sentence of Paragraph 84 of Plaintiff's Complaint.

85.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     To the extent Paragraph 89 cites to and quotes a website, Defendant would refer to the same. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     To the extent Paragraph 90 cites to and quotes a website, Defendant would refer to the same. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     To the extent Paragraph 91 cites to and quotes statutory law, Defendant would refer to the same. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     To the extent Paragraph 91 cites to and quotes a website, Defendant would refer to the same. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### The Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc)

93.     Defendant incorporates its prior answers in Paragraphs 1-92 as if fully set forth herein.

94.     Defendant admits the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant admits the allegations contained in Paragraph 95 of Plaintiff's Complaint as such pertain to this Defendant.

96.     Defendant admits the allegations contained in Paragraph 96 of Plaintiff's Complaint as such pertain to this Defendant.

97.     Defendant admits the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### Free Exercise Clause (42 U.S.C. § 1983)

104.    Defendant incorporates its prior answers in Paragraphs 1-103 as if fully set forth herein.

105.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in

Paragraph 105 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 105.

106.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 106 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 106.

107.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 107 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 107.

108.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 108 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 108.

109.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 109 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 109.

110.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 110 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 110.

111. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 111 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 111.

112. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 112 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 112.

113. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 113 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 113.

114. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 114 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 114.

115. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 115 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 115.

116. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in

Paragraph 116 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 116.

117. As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 117 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 117.

## THIRD CAUSE OF ACTION
### Freedom of Worship (Tex. Const. art I, § 6)

118. Defendant incorporates its prior answers in Paragraphs 1-117 as if fully set forth herein.

119. Defendant admits the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
### Texas Religious Freedom and Restoration Act (Tex. Civ. Prac. & Rem. Code § 110.003)

124. Defendant incorporates its prior answers in Paragraphs 1-123 as if fully set forth herein.

125.    Defendant admits the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.    Defendant denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
### Texas Tort Claims Act (Tex. Civ. Prac. & Rem. Code §§ 101.001 et seq.)

130.    Defendant incorporates its prior answers in Paragraphs 1-129 as if fully set forth herein.

131.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 131 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 131.

132.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 132 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 132.

133.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in

Paragraph 133 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 133.

134.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 134 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 134.

135.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 135 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 135.

136.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 136 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 136.

137.    As this cause of action was dismissed with prejudice by the Court's Memorandum Opinion and Order (ECF No. 24, at *24), no answer is required to the allegations contained in Paragraph 137 of Plaintiff's Complaint. To the extent the Court deems an answer is otherwise required, Defendant denies the allegations contained in Paragraph 137.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief she seeks in subsections (a)-(h) under this section.

## JURY DEMAND

As permitted by Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a jury as to all issues that may be submitted to a jury.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant makes the following specific denials, affirmative defenses and/or defenses:

1.      Defendant affirmatively pleads that there is no causal connection between the allegations against Defendant and the injury of which Plaintiff complains.

2.      Plaintiff's claims are barred by the doctrines of sovereign and governmental immunity.

3.      Defendant affirmatively pleads that no deprivation of any of the Plaintiff's rights occurred with regard to the matters about which Plaintiff complains.

4.      Defendant affirmatively pleads that no act or omission on the part of this Defendant proximately caused any of Plaintiff's alleged injuries or damages.

5.      Defendant pleads that, as a matter of law, it cannot be held liable for exemplary or punitive damages.

6.      With regard to Plaintiff's cause of action under the Texas Religious Freedom and Restoration Act, Plaintiff has failed to comply with the notice requirements set forth in Section 110.006 of the Texas Civil Practice and Remedies Code. *See* ECF No. 24, *20-21.

7.      In defense of Plaintiff's RLUIPA claim, Defendant asserts the following defenses: the compelling interest – safety and security defense; the least restrictive means defense; the no "substantial burden" of inmate's religious exercise defense; and the sincerity of belief defense.

8.      Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiff's alleged damages.

WHEREFORE, PREMISES CONSIDERED, Defendant, the City of Richardson, Texas, prays that judgment be rendered, that Plaintiff takes nothing by this suit and that Defendant be permitted to go hence without delay and recover its costs and attorney's fees in its behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CITY OF RICHARDSON, TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the ___6th___ day of April, 2026.


*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**